


**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **FRANCHON J. REDUS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO.: 5:16-CV-01131-HGD** |
| | ) | |
| **URS FEDERAL TECHNICAL** | ) | |
| **SERVICES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT URS FEDERAL TECHNICAL SERVICES, INC.'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO ENFORCE SETTLEMENT OR IN THE ALTERNATIVE FOR JUDGMENT ON THE PLEADINGS**

Defendant URS Federal Technical Services, Inc., ("URS" or "Defendant"), offers this reply to Plaintiff's Response to Defendant's Motion to Enforce Settlement or in the Alternative for Judgment on the Pleadings (Doc 21):

1. Plaintiff's after-the-fact dissatisfaction with the settlement agreement's terms is insufficient to escape the conclusion that a mutual and enforceable resolution of his claims was reached.

a. Plaintiff does not dispute that his counsel was authorized to negotiate and enter into settlement on his behalf. See Lackey v. Cagle's, Inc., 1998 WL 1037916 (N.D. Ala. Dec. 7, 1998) (enforcing settlement agreement and holding that party's counsel may bind his or her client to settlement terms); Hayes

v. National Serv. Indus., 196 F.3d 1252 (11th Cir. 1999) (enforcing settlement agreement and affirming dismissal of case where former employee was represented by attorney who settled the matter on employee's behalf).

b. Plaintiff's counsel proposed the settlement amount of $2,000 to which Defendant agreed. See Doc. 12, Ex. 1 (under seal).

c. Counsel for Plaintiff and Defendant agreed to file a Notification of Settlement in this action (Doc. 8), which leaves no doubt that an enforceable agreement was reached.

2. Plaintiff fails to dispute Defendant's arguments in support of its motion for judgment on the pleadings and otherwise cannot dispute said arguments. See Floyd v. Home Depot U.S.A., Inc., 274 Fed. App'x 763, 765 (11th Cir. 2008) (holding that plaintiff abandoned claims and argument by failing to specifically respond).

a. Plaintiff does not—and cannot—dispute that there is no private right of action under the Vietnam Veterans Readjustment Assistance Act nor any law calling for veteran's preference, his Title VII claims are untimely, and 42 U.S.C. § 1981 allegations concerning race discrimination in anything other than layoff fail Fed. R. Civ. P. Rule 8 pleading standards.

b. Plaintiff's race-based layoff claim fails on the pleadings too.

(1) Plaintiff admits his alleged comparator has superior seniority. See Doc. 21 ("Yes, I know he had seniority over me as far as being at job on the job longer . . . .").

(2) Plaintiff admits that he is a "union man" and is covered by the applicable Collective Bargaining Agreement. See Doc. 21 ("I myself am . . . a union man.").

(3) Plaintiff does not dispute Article 3 of the Collective Bargaining Agreement makes clear layoffs are seniority-based. See Doc. 21.

(4) Plaintiff does not dispute that the pleadings make clear seniority, and not race, prompted Plaintiff's layoff when comparator, with at least 6 years more seniority than Plaintiff, was retained thereby making Plaintiff's race-based layoff claim groundless. See Doc. 21.

3. In addition to granting this motion, Defendant respectfully requests that this Court award attorney's fees and expenses incurred by Defendant in having to answer Plaintiff's complaint and raise this Motion.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests its Motion be granted.

*s/ John J. Coleman, III*
John J. Coleman, III
H. Carlton Hilson

Attorneys for Defendant
URS Federal Technical Services, Inc.

**OF COUNSEL**:
BURR & FORMAN LLP
3400 Wells Fargo Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: 205-251-3000

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 14th day of October, 2016:

Franchon J. Redus (by Certified Mail)
224 10th Avenue NW
Decatur, Alabama 35601

*/s/ John J. Coleman, III*
OF COUNSEL